I. F. KELLEY, APPELLEE, v. E. MEYER FRUIT COMPANY ET AL., APPELLANTS.

FILED JUNE 5, 1915.   No. 18160.

1. **Trial: SUBMISSION OF SINGLE ISSUE.** If, upon trial before a jury, it appears upon all of the evidence that there is but one question of fact upon which there is any substantial conflict in the evidence, the court may submit such question of fact to the jury, and upon their verdict thereon should render such judgment as the law requires.

2. **Sales: ACTION FOR PRICE: COUNTERCLAIM: FINDING: JUDGMENT.** In an action to recover a balance of the purchase price of property with a counterclaim for money paid upon the contract on the ground that the property was worthless and that the contract was obtained by fraudulent representations, a finding upon substantially conflicting evidence that the property was as represented, will support a judgment disallowing the alleged counterclaim.

3. **Trial: SUFFICIENCY OF EVIDENCE.** Upon the evidence indicated in the opinion, the verdict of the jury is sufficiently supported, and the judgment thereon is not erroneous.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Weaver & Giller,* for appellants.

*De Bord, Fradenburg & Van Orsdel, contra.*

SEDGWICK, J.

This plaintiff shipped two car-loads of potatoes from Minneapolis to Omaha for sale. Mr. Foy, a commission merchant of Omaha, acted for plaintiff; and sold the potatoes to defendant. The defendant paid $400 on the purchase, and afterwards refused further payment. The plaintiff brought this action in the district court for Douglas county to recover an alleged balance due. There was a verdict and judgment in favor of the plaintiff, and defendant has appealed.

The defendant admitted the purchase of the potatoes at an agreed price of 65 cents a bushel, amounting to $615.26,

but alleged that the potatoes were frozen, and that plaintiff's agent "falsely and fraudulently, and knowing that said potatoes were frozen, stated and represented to defendants that said potatoes were not frozen, but were good and marketable potatoes, with the exception of a very few near the car door; that a few near the car door were frozen, and for that reason not marketable, and said plaintiff, through his agent, said J. J. Foy, agreed to sell said potatoes to defendants at the reduced price of 65 cents per bushel, and defendants, relying upon said representations and statements, and believing same to be true, contracted and agreed to purchase said two car-loads of potatoes on said terms;" that the health department of the city of Omaha considered the potatoes as unfit for food, and that the plaintiff "thereupon further falsely and fraudulently claimed and represented to defendants that, notwithstanding the action of said health department, as above set forth, in condemning all of said two car-loads of potatoes, at least two-thirds of said potatoes which were in the center of said cars, being more or less protected, were not frozen, but were fit for food, and that he, the said Foy, would so represent to and arrange with said health department, and would obtain permission from said health department for defendants to sort out said two-thirds of said potatoes and to resell the same to defendants' customers. Defendants further aver that they again relied on said representations and promises of said plaintiff through his said agent, J. J. Foy, that two-thirds of said potatoes were not frozen, but were good and marketable, and that he would arrange with the health department for the sorting and resale of same, and that after said arrangements were made defendants thereupon paid said Foy the sum of $400, two-thirds of the agreed price for the same; that defendants thereupon, under permission of the health department, again took possession of said potatoes, employed help to sort the same, but found that a large part of said potatoes were frozen and were wholly unfit for food, and subsequently found that all were in that condition, and that the action of the health department in

so condemning said potatoes was right and proper, and that the claims and representations of the said plaintiff, through his agent, the said Foy, that said potatoes were not frozen, but were good and marketable and fit for food, were wholly false."

The defendant asked judgment against the plaintiff for the $400 paid and $60 "for the handling and sorting of said potatoes." The defendant testified in his own behalf that while the potatoes were in the cars he examined them with the plaintiff's agent and found that some of them were frozen; that they made an estimate of damage to the potatoes by freezing, and reduced the price to be paid for the two car-loads accordingly, and that he agreed to pay 65 cents a bushel for the lot; that this was less than the market price for sound potatoes, and was then supposed to be equal to the market price of that portion which was uninjured. He contended that a much larger proportion were frozen than as represented by plaintiff's agent, and that in fact they were all frozen, or so badly injured as to be worthless. The court assumed that the defendant did not have as good opportunity to know the condition of the potatoes as the plaintiff had, and that therefore he should only be required to pay for the good potatoes. This was as favorable to the defendant as he could demand under the circumstances. By the pleadings and the evidence, then, the only question of fact in dispute was what proportion of the potatoes were frozen or damaged. The court accordingly submitted but one question to the jury: "To what extent were the potatoes sold by the plaintiff to the defendant, in the two car-load lots, affected by freezing, or frost, at the time of the sale, so as to be unfit for food?" The jury answered: "Forty sacks unfit for food. Rest good." The sacks each contained two and one-half bushels, and 100 bushels were not more than the defendant concedes he knew were damaged when he agreed to pay 65 cents a bushel for the lot as billed. The plaintiff was therefore entitled to the contract price.

The defendant's allegation of a second agreement after the health commissioner had examined the potatoes is not

available, because the jury found upon substantially conflicting evidence that all of the potatoes were good except 100 bushels. This was, as defendant himself testified, the basis upon which he purchased the property. Defendant's counterclaim for the $400 depended upon his allegations that the potatoes were worthless, and of fraudulent representation as to the condition of the potatoes, and, as the jury have determined those issues in plaintiff's favor, the counterclaim must fail. All other questions submitted in defendant's brief depend upon the matters already discussed.

We find no error in the record requiring a reversal, and the judgment is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.